**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

NOV 03 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

OCTAVIO MENDOZA-MORALES,

Defendant - Appellant.

No. 09-30157

D.C. No. 3:05-cr-00098-KI

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Garr M. King, Senior District Judge, Presiding

Argued and Submitted July 12, 2010
Portland, Oregon

Before: PREGERSON, WARDLAW and RAWLINSON, Circuit Judges.

Octavio Mendoza-Morales appeals his conviction for conspiracy to

distribute methamphetamine and heroin and possession. The parties are familiar

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

with the facts of this case, which we repeat here only to the extent necessary to explain our decision. We have jurisdiction under 28 U.S.C. § 1291, and affirm.[1]

"Typically, the inference of an overall agreement [between conspirators] is drawn from proof of a single objective or from proof that the key participants and the method of operation remained constant throughout the conspiracy." *United States v. Fernandez*, 388 F.3d 1199, 1226 (9th Cir. 2004). Here, the evidence indicates that key participants, including Appellant, repeatedly used similarly designed, locked secret compartments in different cars to facilitate drug sales. This evidence supports an inference of an overall agreement.

"The inference that a defendant had reason to believe that his benefits were dependent on the success of the entire venture may be drawn from proof that the coconspirators knew of each other's participation . . . ." *Id*. Here, Appellant knew that both he and a coconspirator had access to drugs inside garage #7. Appellant also repeatedly agreed to give drugs to other coconspirators. The evidence demonstrates that Appellant knew of co-conspirators' involvement. As a member of the conspiracy, Appellant is responsible for the acts of his co-conspirators. *Alvarez-Valenzuela*, 231 F.3d at 1202-3.

---

[1] As this court has previously noted, our conclusion is the same whether we review de novo or for plain error. *See United States v. Alvarez-Valenzuela*, 231 F.3d 1198, 1201 (9th Cir. 2000).

Accordingly, Appellant's conviction is AFFIRMED.